**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113107

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joanne Pacheco, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>                   vs.<br><br>Resurgent Capital Services, LP and LVNV Funding, LLC,<br><br>                   Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

      Joanne Pacheco, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Resurgent Capital Services, LP and LVNV Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

      1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

      2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

      3.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Joanne Pacheco is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Resurgent Capital Services, LP, is a South Carolina Limited Partnership with a principal place of business in Richland County, South Carolina.

8. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated April 25, 2016. (**"Exhibit 1."**)

16. The letter was the initial communication Plaintiff received from Defendants.

17. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

2

19. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

20. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

21. The question of whether a written notice adequately provides "the amount of the debt" is determined from the perspective of the "least sophisticated consumer."

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount she owes at the time of the notice.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what she will need to pay to resolve the debt at any given moment in the future.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

28. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt," violative of 15 U.S.C. § 1692g(a)(1).

29. Even if a debt collector accurately conveys the foregoing information, the written notice nevertheless violates 15 U.S.C. § 1692g(a)(1) if the least sophisticated consumer could inaccurately interpret the message.

30. The Debt was incurred on a credit card issued by Credit One Bank, NA.

31. At all relevant times herein, the Debt accrued, and was subject to, interest.

32. At all relevant times herein, the Debt accrued, and was subject to, late fees.

33. The Letter sets forth a "Balance" and also "Interest Accrued Post Charge-Off."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

34. The Letter fails to state what part of the balance stated is principal.

35. The Letter fails to state what part of the balance stated is interest.

36. The Letter fails to state what part of the balance stated is late fees.

37. The Letter fails to disclose whether the amount stated may increase due to additional interest.

38. The Letter fails to disclose whether the amount stated may increase due to additional late fees.

39. The Letter fails to indicate whether payment of the amount stated would satisfy the debt.

40. The Letter fails to indicate whether payment of the amount stated by any date certain would satisfy the debt.

41. The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

42. The Letter fails to provide any information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

43. The Letter fails to include any "safe harbor" language concerning the accrual of interest.

44. The Letter fails to include any "safe harbor" language concerning the accrual of late fees.

45. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

46. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

47. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

48. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

49. The least sophisticated consumer, because of the aforementioned failures, could

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

reasonably believe that the debt could be satisfied by remitting the amount stated at any time after receipt of the Letter.

50. The least sophisticated consumer, because of the aforementioned failures, could also reasonably believe that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest.

51. The least sophisticated consumer, because of the aforementioned failures, could also reasonably believe that the amount stated was accurate only on the date of the Letter because of the continued accumulation of late fees.

52. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the applicable interest rate.

53. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the date of accrual of interest.

54. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of interest during any measurable period.

55. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable to consumer to determine what she will need to pay to resolve on any date after the date of the Letter.

56. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable to consumer to determine what she will need to pay to resolve the debt in the future.

57. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the amount of late fees.

58. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the date such fees will be added.

59. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of late fees during any measurable period.

60. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would

enable to consumer to determine what she will need to pay to resolve on any date after the date of the Letter.

61. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable to consumer to determine what she will need to pay to resolve the debt in the future.

62. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message.

63. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

64. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

65. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

66. For these reasons, Defendants violated 15 U.S.C. § 1692g(a)(1).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

70. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

71. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

72. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

73. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

6

74. The amount of the debt is a material piece of information to a consumer.

75. Knowing the amount of the debt affects how a consumer responds to a debt collector's attempts to collect the debt.

76. As previously alleged, the least sophisticated consumer could reasonably read the Letter to mean that the amount stated was static.

77. As previously alleged, the least sophisticated consumer could also reasonably read the Letter to mean that the amount stated was dynamic due to the continued accumulation of interest and/or late fees.

78. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

79. Because the Letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

80. For these reasons, Defendants violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

81. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt without disclosing in their collection letter whether interest and late fees were continuing to accrue, from one year before the date of this Complaint to the present.

82. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

83. Defendants regularly engage in debt collection.

84. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts without disclosing in their collection letter whether interest and late fees were continuing to accrue.

85. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

86. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

87. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

88. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

  a. Certify this action as a class action; and

  b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

  c. Find that Defendants' actions violate the FDCPA; and

  d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

  e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  f. Grant Plaintiff's costs; together with

  g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

DATED: April 24, 2017

                **BARSHAY SANDERS, PLLC**

                By:   */s/ Craig B. Sanders*
                Craig B. Sanders, Esq.
                100 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: (516) 203-7600
                Fax: (516) 706-5055
                csanders@barshaysanders.com
                *Attorneys for Plaintiff*
                Our File No.: 113107